IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

ROGER WEIDNER, et al.,                    Civ. No. 06-930-HO

          Plaintiffs,                     ORDER

     v.

ANTHONY ALBERTAZZI, et al.,

          Defendants.

The caption of the complaint refers to 18 U.S.C.A. § 1961 and 42 U.S.C.A. §1983. The complaint concludes with a prayer for damages. Defendant Oregon State Bar and defendants Burgott, Tiktin, Thompson, Billings, O'Neal, Forte, Sullivan, Barber, Walberg, Brady, Mazaro, Mayer, Hansen, and Newcomb filed motions to dismiss.

## Discussion

In the absence of a waiver of Eleventh Amendment Immunity, the Oregon State Bar is immune from suit for damages in federal court. Erwin v. Oregon ex rel. Kitzhaber, 231 F. Supp. 2d 1003, 1007 (D. Or. 2001).

Defendants Barber, Billings, Brady, Forte, O'Neal, Sullivan, Thompson, Tiktin and Walberg are Oregon Circuit Court judges. Defendant Burgott is an arbitrator. The alleged conduct of these defendants consists of acts normally performed by judges at times when the plaintiffs dealt with them in their judicial capacity. These defendants are entitled to absolute immunity from suit for the conduct alleged. Stump v. Sparkman, 435 U.S. 349, 359-60 (1978); In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (noting judicial immunity extends to arbitrators).

The complaint alleges that defendants Mayer, Newcomb and Hansen, Oregon State Police Officers, provided false testimony at plaintiff Jason Wheeler's trial. Plaintiffs allege no other conduct by these defendants. Trial witnesses, including police officers, are entitled to absolute immunity from claims brought under Section 1983. Briscoe v. LaHue, 460 U.S. 325 (1983).

Plaintiffs also cannot state a RICO claim against these defendants. Plaintiffs must allege conduct of an enterprise through a pattern of racketeering activity. Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985). A pattern of racketeering activity consists of two or more predicate acts related in a manner that creates a threat of continued criminal activity, H.J., Inc., v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989). Perjury in a state court proceeding is not among the predicate acts that may give rise to a pattern of

racketeering activity. O'Malley v. New York City Transit Authority, 896 F.2d 704, 708 (2nd Cir. 1990). The complaint alleges no conduct by these defendants other than providing false testimony. The complaint contains passing references to "the enterprise," but no enterprise is sufficiently identified, and there are no allegations regarding how these defendants controlled any enterprise through their alleged conduct.

It does not appear to the court that plaintiffs can allege a set of facts that would state a claim against the Oregon State Bar or these individual defendants. These defendants are therefore dismissed with prejudice.

## Conclusion

Based on the foregoing, defendant Oregon State Bar's motion to dismiss [#9] is granted; defendants Burgott, Tiktin, Thompson, Billings, O'Neal, Forte, Sullivan, Barber, Walberg, Brady, Mazaro, Mayer, Hansen, and Newcomb's motion to dismiss [#35] is granted. Defendants Oregon State Bar, Burgott, Tiktin, Thompson, Billings, O'Neal, Forte, Sullivan, Barber, Walberg, Brady, Mazaro, Mayer, Hansen, and Newcomb are dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___13th___ day of October, 2006.

                                            ___s/ Michael R. Hogan___
                                            United States District Judge

3 - ORDER