IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROGER WEIDNER, et al.,                          Civ. No. 06-930-HO

           Plaintiffs,                      ORDER

    v.

ANTHONY ALBERTAZZI, et al.,

           Defendants.


The caption of the complaint refers to claims under the

Racketeer Influenced and Corrupt Organizations Act (RICO) and 42

U.S.C. § 1983.  Defendant Deschutes County Sheriff Captain Tim

Edwards filed a motion to dismiss.  Edwards contends that the

court lacks jurisdiction over plaintiffs' claims, the claims are

barred by res judicata, Edwards is entitled to absolute and

qualified immunity, and plaintiffs fail to state a claim against

Edwards upon which relief may be granted.  The court agrees that

Edwards is entitled to absolute immunity from claims arising from

his trial testimony, and that plaintiffs fail to state a claim

against Edwards upon which relief may be granted.  Edwards's

motion to dismiss is therefore granted.

<u>Allegations Against Edwards</u>

The following allegations involving Edwards are gleaned from the narrative complaint.  For context, the court initially notes that plaintiffs' claims arise from state court proceedings stemming from the dissolution of the marriage between plaintiff Patricia Wishon and defendant Santiago Torres.

Torres used fraud to obtain an interest in Wishon's property.  Complaint, ¶ 6.  Edwards told Wishon that Torres is a known con-man, but deputies would not refer the matter to the district attorney because the deputies are not lawyers.  <u>Id</u>., ¶ 24.

At times prior to August 2004, Edwards provided armed escort to defendant Claude Ingram, an attorney, during Ingram's ingress to and egress from the Deschutes County Courthouse.  <u>Id</u>. Plaintiff Roger Weidner asked Edwards his name, and Edwards responded in a rude and sarcastic tone, "I'm not going to tell you anything."  <u>Id</u>.

When Weidner attempted to attend a meeting between Wishon and Sheriff Stiles in August 2004, Edwards angrily ordered Weidner to leave.  <u>Id</u>.

Before a February 7, 2005, state court hearing on a motion to set aside a fraudulently obtained judgment, Weidner observed Edwards talking to Judge Sullivan in chambers.  Weidner told

2 - ORDER

Edwards he was there to find out if his motion to videotape
proceedings had been granted.  Edwards became visibly agitated,
sarcastically ordered Weidner out, and forcibly marched Weidner
out of the office.  Id., ¶ 25.

      During a March 7, 2005, hearing to show cause why Weidner
should not be held in contempt for failing to furnish Ingram with
discovery, Ingram started to rise from his chair and Weidner
lightly pushed Ingram back into his chair.  Four deputies
immediately surrounded Weidner, angrily pushed on him and ordered
him to sit down.  Weider supporters stood and questioned the
guards.  During this time, Edwards asked Weidner to step into a
side room.  Edwards told Weidner that Ingram wanted him arrested
for harassment.  Rather than arrest Weidner, Edwards gave him a
citation for harassment.  Id., ¶ 26

      On April 4, 2006, Weidner was prosecuted for harassment in
Deschutes County.  Edwards testified.  Weidner questioned him
Edwards about his heavy-handed treatment of Weidner.  "Edwards
did not deny the charges."  Id., ¶ 27.

Discussion

      The complaint may be read to allege, albeit conclusorily,
that state court judgments adverse to plaintiffs resulted from
fraud and conspiracy.  The court therefore cannot say that it
lacks jurisdiction under the Rooker-Feldman doctrine, as Edwards
contends.  Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).

3 - ORDER

Edwards produced documents demonstrating that state courts dismissed claims against Edwards filed by Weidner as a third party plaintiff.  Def's exs. 1-4.  These documents suggest that Weidner's claims against Edwards (except claims based on Edwards's alleged April 4, 2006 trial testimony) may be precluded.  See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").  The court is unable to determine on the limited record whether plaintiffs' claims against Edwards are precluded, however.[1]  The court can, and does, hold that Edwards is absolutely immune from suits premised on his April 4, 2006 trial testimony.  Briscoe v. LaHue, 460 U.S. 325 (1983).

In any event, the complaint fails to state a claim against Edwards under Section 1983 or RICO.  Dismissal for failure to state a claim is proper if the complaint lacks a cognizable legal theory or the plaintiff can plead no set of facts entitling him to relief.  Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).  Conclusory allegations without more are

---

[1]Documents submitted by Edwards include copies of third party complaints, limited judgments and an order resolving a motion to dismiss.  Without copies of initial complaints and other documents, the court cannot determine, for example, whether Weidner, Wishon and plaintiff Wheeler could have filed their federal claims against Edwards as third party claims in state court.  See Or. Rev. Civ. P. 22C.

4 - ORDER

insufficient to defeat a motion to dismiss for failure to state a claim.  Neglinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  Plaintiffs identify no federal rights that Edwards may have violated with his conduct, and the court perceives none. Edwards's alleged conduct could not have, and is not alleged to have caused the adverse money judgments of which plaintiffs complain.  The complaint does not allege that Edwards agreed with other defendants to deprive plaintiffs of rights or property.

The complaint does not allege awareness and control by Edwards, of a structured RICO enterprise, through a pattern of racketeering activity, causing injury to plaintiffs' business or property.  18 U.S.C. § 1964(c); Chang v. Chen, 80 F.3d 1293, 1299 (9th Cir. 1996).  The complaint refers to an enterprise consisting of defendants Albertazzi, Gardner, Haase and Ingram, "the purpose of which was to convert, through the corruption of the legal process, with the aid and assistance and complicity of the other named defendants, hundred[s] of thousands of dollars in real property belonging to plaintiffs." Complaint, ¶ 8.  The complaint does not allege how Edwards may have controlled the enterprise.  Plaintiffs do not identify multiple related predicate acts that could constitute racketeering activity as defined in 18 U.S.C. § 1961(1)(a); H.J., Inc., v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989).

Before dismissal with prejudice for failure to state a claim

5 - ORDER

upon which relief may be granted, courts provide pro se litigants
with notice of the deficiencies of the complaint and an
opportunity to file an amended complaint, unless it clear the
deficiencies cannot be overcome by amendment.  <u>Eldridge v. Block</u>,
832 F.2d 1132, 1135-36 (9th Cir. 1987).  Nothing in plaintiffs'
filings suggests that deficiencies in the claims against Edwards
may be cured by amendment.  Plaintiffs identify no federal right
of Weidner to meet with the sheriff or remain in Judge Sullivan's
chambers, or to courtesy from Edwards.  There is no allegation or
argument that Edwards lacked probable cause to issue a harassment
citation to Weidner.  Edwards's alleged conduct does not
constitute a predicate act within the meaning of the RICO
statutes.  As noted, Edwards is entitled to absolute immunity for
claims based on his trial testimony.  Edwards is entitled to
dismissal.  Granting leave to amend the claims against Edwards
would be futile.

### Conclusion

Based on the foregoing, defendant Edwards's motion to
dismiss [#42] is granted.  Edwards is dismissed with prejudice.

IT IS SO ORDERED.

DATED this ___30th___ day of October, 2006.

                               __s/ Michael R. Hogan_____
                               United States District Judge