IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

ROGER WEIDNER, et al.,                    Civ. No. 06-930-HO

        Plaintiffs,                       ORDER

   v.

ANTHONY ALBERTAZZI, et al.,

        Defendants.

   The caption of the complaint refers to claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and 42 U.S.C. § 1983. Defendants Santiago Torres and Anthony Albertazzi filed motions to dismiss. Defendants argue that the court lacks jurisdiction over plaintiffs' claims, the claims are barred by <u>res judicata</u>, and plaintiffs fail to state a claim upon which relief may be granted. Albertazzi further contends that plaintiffs' Section 1983 claim is barred by the statute of limitations.

                    <u>Allegations Against Torres & Albertazzi</u>

   The narrative complaint contains the following allegations

against Torres and Albertazzi.

On July 4, 1994 Patricia Wishon became acquainted with Santiago Torres. Torres knowing Wishon was a widow who had inherited a large parcel of real estate in Lapine Oregon began courting Wishon and on the spur of the moment talked her into marrying him. His actions, toward her and her children Jason Wheeler and Jamie Wheeler Hinkey, were civil until the name "Jimmy Torres" was placed on the deed. Wishon had been advised by her escrow agent that the deed would serve in lieu of a will and could, like a will, be revoked at anytime.

Once the name "Jimmy Torres" was on the property Torres became vicious and brutal in his treatment of Wishon. On several occasions the beatings and abuse were so brutal that Wishon was forced to flee her home for long periods of time out of fear for her life. Torres was also verbally abusive to Jamie Wheeler. He also verbally and physically assaulted Jason Wheeler.

Out of desperation, and fear for her life, Wishon hired Defendant Albertazzi on September 29, 2002 to obtain a divorce from Torres. She gave Albertazzi explicit instructions that because of Torres deceit and treachery in getting her to marry him, and his vicious and brutal treatment of her, he was to get none of her property. Albertazzi intentionally deceived Wishon by placing her in mandatory arbitration when Wishon had only verbally agreed to mediation arbitration, where Wishon at her option could have taken the litigation back to court. This action by Albertazzi was to lock her into a process she could not reverse.

Instead of complying with her instructions Albertazzi introduced Linda Hasse to Santiago Torres and they formed an enterprise and the three began having secret meetings to determine how to defraud Wishon out of her property. To carry out the enterprise's objective Albertazzi told Wishon that he would file a Motion for Summary Judgment to terminate any claim Torres might make against her property. Albertazzi then directed Jason Wheeler and Jamie Hinkey to each execute affidavits saying they had no interest in Wishon's property. Albertazzi also pressured Wishon to sign an affidavit without reading it saying he urgently needed the affidavit for filing for summary judgment. Once Albertazzi had fraudulently obtained the affidavits he used the affidavits, during the arbitration process, to foreclose Wheeler and Hinky from claiming any interest in Wishon's property and also used the illicitly obtained affidavits to further

      the enterprises scheme to have the arbitrator award
hundreds of thousands of dollars of Wishon's property
to Torres.  By so doing the enterprise committed six
related criminal acts: ORS 165.042 Fraudulently
Obtaining A Signature; ORS 165.102 Obtaining Execution
of Documents By Deception.
      On April 8, 2003 when Wishon discovered that
Albertazzi was working against her interest and in
collusion with Torres she confronted and fired him for
his treachery.  Though fired Albertazzi prepared and
submitted to [Arbitrator] Burgott the arbitration award
giving a quarter of her property to Torres.  When
Wishon confronted Albertazzi about his treachery she
asked him, "what do you think you are doing?".
Albertazzi's only response was "they told me to do
it!".
* * *
      In furtherance of the enterprise's scheme to
defraud Wishon, Albertazzi appeared in Judge Sullivan's
court on June 2, 2003.  The clerk informed Wishon the
hearing would take place in Judge Sullivan's chambers.
Albertazzi told Wishon that he was there to represent
Haase and Torres.

Complaint, ¶¶ 13-18.

## Discussion

The complaint may be read to allege, albeit conclusorily, that state court judgments adverse to plaintiffs resulted from fraud and conspiracy.  The court therefore cannot be certain that it lacks jurisdiction under the Rooker-Feldman doctrine, as defendants contend.  Noel v. Hall, 341 F.3d 1148, 1164 (9th Cir. 2003).

Plaintiff Patricia Wishon previously litigated direct claims against Torres and Albertazzi based on the same conduct alleged in this case.  Torres Memo., ex. A.  All plaintiffs previously asserted third party claims against Torres and Albertazzi based

3 - ORDER

on the same conduct alleged in this case. Torres Memo., ex. C; defendant Edwards's memo., ex. 3. Wishon's direct claims proceeded to final judgment. Torres Memo., ex. B. Wishon could have asserted her federal claims against Torres and Albertazzi in the prior state court proceedings. Wishon's federal claims are precluded. See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Weidner and Wheeler's federal claims against Torres and Albertazzi may also be precluded. The court is unable to make that determination on the limited record, however.[1]

Plaintiffs Section 1983 claims are untimely. Plaintiffs filed the complaint on June 30, 2006. Plaintiffs do not allege conduct by these defendants within the two-year limitations period. Davis v. Harvey, 789 F.2d 1332 (9th Cir. 1986).

The complaint fails to state a claim against Torres and Albertazzi under Section 1983 or RICO. Dismissal for failure to state a claim is proper if the complaint lacks a cognizable legal theory or the plaintiff can plead no set of facts entitling him to relief. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a

---

[1] Defendants rely on copies of third party complaints, limited judgments and an order resolving a motion to dismiss. Without copies of initial complaints and other documents, the court cannot determine, for example, whether Weidner Wheeler could have filed their federal claims against Torres and Albertazzi as third party claims in state court. See Or. Rev. Civ. P. 22C.

4 - ORDER

claim.  Neglinchy v. Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988).  Torres and Albertazzi are not state actors. Plaintiffs identify no federal rights these defendants may have violated, and the court perceives none.

    The complaint does not allege awareness and control by Torres or Albertazzi, of a structured RICO enterprise, through a pattern of racketeering activity, causing injury to plaintiffs' business or property.  18 U.S.C. § 1964(c); Chang v. Chen, 80 F.3d 1293, 1299 (9th Cir. 1996).  The complaint refers to an enterprise "the purpose of which was to convert, through the corruption of the legal process, with the aid and assistance and complicity of the other named defendants, hundred[s] of thousands of dollars in real property belonging to plaintiffs."  Complaint, ¶ 8.  The complaint does not allege how Torres and Albertazzi may have controlled the enterprise.  Plaintiffs do not identify multiple related predicate acts that could constitute racketeering activity as defined in 18 U.S.C. § 1961(1)(a); H.J., Inc., v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989).

    Before dismissal with prejudice for failure to state a claim upon which relief may be granted, courts provide pro se litigants with notice of the deficiencies of the complaint and an opportunity to file an amended complaint, unless it is clear the deficiencies cannot be overcome by amendment.  Eldridge v. Block,

832 F.2d 1132, 1135-36 (9th Cir. 1987).  Nothing in plaintiffs' filings suggests that deficiencies in the claims against Torres and Albertazzi may be cured by amendment.  Torres and Albertazzi are not state actors.  Plaintiffs do not allege or argue that these defendants acted within the limitations period for Section 1983 claims.  Plaintiffs identify no compromised federal rights or RICO predicate acts.  Granting leave to amend would be futile.

<u>Conclusion</u>

Based on the foregoing, defendant Torres's motion to dismiss [#51] is granted; defendant Albertazzi's motion to dismiss [#54] is granted; Torres and Albertazzi are dismissed with prejudice.

IT IS SO ORDERED.

DATED this  30th   day of October, 2006.


                                    s/ Michael R. Hogan
                                    United States District Judge

6 - ORDER